UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| People of the State of New York,<br><br>                                    Plaintiff,<br><br>          -v-<br><br>Jovanni G. Whyte-Bey,<br><br>                                    Defendant. | 2:25-cv-2003<br>(NJC) (SIL) |

## SUMMARY ORDER OF REMAND

NUSRAT J. CHOUDHURY, United States District Judge:

On April 10, 2025, pro se Defendant Jovanni G. Whyte-Bey ("Whyte-Bey") filed a Notice of Removal together with the $405 filing fee seeking to remove the adjudication of traffic tickets pending before the Suffolk County Traffic and Parking Violations Agency ("SCTPVA") under Case No. 24120310 to this Court.[1] (Not. Removal ¶ 1, ECF No. 1; Filing Fee, Receipt No. 200005113.) For the reasons set forth below, this matter is sua sponte remanded to the SCTPVA.

The removal of state criminal prosecutions and civil actions to federal court is governed by 28 U.S.C. §§ 1441, 1442, 1442a and 1443, and is appropriate only in narrow circumstances. 28 U.S.C. § 1441 sets forth several grounds for removal of civil actions, none of which are plausibly applicable to this action. 28 U.S.C. § 1442 applies only to civil actions and criminal prosecutions against the United States, federal agencies, or federal officers and 28 U.S.C. § 1442a applies only in civil or criminal prosecutions against members of the armed forces.

---

[1] Whyte-Bey was issued two traffic tickets for violations alleged to have occurred on December 10, 2024: (1) violation of New York Vehicle & Traffic Law ("VTL") § 1225-C 02A, which sets forth miscellaneous traffic rules, and (2) violation of VTL § 1144 0A. *See* ECF No. 1-1 at 28, 32, which governs right of way. A trial was scheduled for April 17, 2025. *Id*. at 28.

Under 28 U.S.C. § 1443, a state civil action or criminal prosecution can be removed to federal court if it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Pursuant to 28 U.S.C. § 1455(b)(4), "The United States district court in which" a notice of removal "is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

"[S]tatutory procedures for removal are to be strictly construed, because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *Frontier Park Co., LLC v. Contreras*, 35 F. Supp. 3d 264, 267 (E.D.N.Y. 2014) (internal quotation marks and citations omitted); *accord In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 922 F. Supp. 2d 475, 480 (S.D.N.Y. 2013). "[T]he burden is on the removing party to prove that it has met the requirements for removal." *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (citation omitted).

Here, given the narrow circumstances under which removal is appropriate under the relevant statutes, remand is clearly warranted. Neither 28 U.S.C. § 1442 nor 28 U.S.C. § 1442a apply because Whyte-Bey has not provided any evidence that he is either a federal officer or a member of the armed forces. Whyte-Bey cannot remove this action under 28 U.S.C. § 1443 because he does not allege that the adjudication of his traffic tickets violates his civil rights or that a law "providing for the equal civil rights of citizens" protects his right to engage in the

2

conduct with which he was charged. 28 U.S.C. § 1443(1).[2] Moreover, Whyte-Bey wholly fails to allege that he would be precluded from enforcing his rights in state court.[3]

Under 42 U.S.C. § 1455(4), "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for

---

[2] When determining whether to remand to state court the adjudication of traffic tickets issued in New York, district courts in the Circuit have generally assumed that the adjudications were criminal prosecutions. *See, e.g., New York v. Amelio*, No. 25-cv-02238, 2025 WL 1122535 (S.D.N.Y. Apr. 16, 2025); *In Re Fischer*, No. 19-cv-3793, 2019 WL 3281127 (E.D.N.Y July 18, 2019); *New York v. Redman*, No. 08-cv-1244, 2008 WL 5378366 (N.D.N.Y. Dec. 22, 2008). The VTL, however, defines a violation of the VTL as a "traffic infraction." N.Y. Veh. & Traf. Law § 1101. "A traffic infraction is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment." N.Y. Veh. & Traf. Law § 155; *see also United States v. Paredes*, 185 F.Supp.3d 287, 295–96 (2016) (holding that a traffic infraction was not a criminal conviction for the purposes of sentencing). Because 28 U.S.C. § 1443 applies to both civil actions and criminal prosecutions initiated in state court, the Court does not need to determine whether the adjudication of traffic tickets issued in New York is a civil action or criminal prosecution in order to determine that Whyte-Bey cannot remove this action under 28 U.S.C. § 1443.

[3] To the extent that Whyte-Bey premised removal on the presence of defenses or counterclaims based on federal law, that is not a basis for removal to federal court. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[F]ederal jurisdiction generally exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.") (internal quotation marks omitted) (emphasis in original). If Whyte-Bey has a federal civil claim arising from the circumstances underlying the challenged traffic tickets, he may file that claim as a civil action independent of the criminal prosecution. However, Whyte-Bey is cautioned that, insofar as he claims that the requirement that he have a valid driver's license restricts his constitutional rights (*see* Not. Removal ¶¶ 7-8), such claims would lack merit. *See*, *e.g.*, *Ali ex rel. Cofield v. Liggett*, No. 1:22-cv-944, 2022 WL 17478264, at *4 (N.D.N.Y. Sept. 20, 2022), *report and recommendation adopted*, 2022 WL 16918289, at *5 (N.D.N.Y. Nov. 14, 2022) (rejecting plaintiff's argument that he was not subject to the VTL because it deprives him of "his constitutionally protected right to travel freely and unencumbered" and characterizing plaintiff's argument as "founded on a legal theory that has been uniformly rejected as not just lacking in merit, but a frivolous waste of court resources"); *Johnson El v. Bird*, No. 19-cv-5102, 2020 WL 5124920, at *5, n. 8 (S.D.N.Y. Aug. 31, 2020) ("To the extent Plaintiff means to argue that traffic enforcement violates his right to travel, that claim is dismissed as frivolous.") (citing *Annan v. State of N.Y. Dep't of Motor Vehicles*, No. 15-cv-1058, 2016 WL 8189269, at *5 (E.D.N.Y. Mar. 2, 2016), *aff'd*, 662 F. App'x 85 (2d Cir. 2016) (summary order)), *aff'd sub nom. Johnson El v. Chambers*, No. 20-3377, 2021 WL 4484929 (2d Cir. Oct. 1, 2021).

3

summary remand." Accordingly, for the reasons set forth above, this action is remanded to the SCTPVA pursuant to 42 U.S.C. § 1455(4).

The Clerk of the Court is respectfully directed to: (1) mail a certified copy of this Summary Order of Remand to the Clerk of the SCTPVA at its mailing address of P.O. Box 9000, Smithtown, New York 11787[4]; (2) mail a copy of this Summary Order of Remand to Whyte-Bey; and (3) close this case.

Although Whyte-Bey paid the Court's filing fee, should he seek leave to appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
       May 12, 2025

                                               */s/ Nusrat J. Choudhury*
                                               NUSRAT J. CHOUDHURY
                                               United States District Judge

---

[4] The physical address differs from the mailing address. The physical address is H. Lee Dennison Building, 100 Veterans Memorial Highway, Hauppauge, New York 11788.